# EXHIBIT A

E-FILED
8/23/2022 1:17 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV403933
Reviewed By: A. Tam

Mark L. Venardi (SBN 173140)
Martin Zurada (SBN 218235)
Blair Kittle (SBN 336367)
VENARDI ZURADA LLP
101 Ygnacio Valley Road, Suite 100
Walnut Creek, California 94596
Telephone: (925) 937-3900
Facsimile: (925) 937-3905

Attorneys for Plaintiff
CHRISTINA VARGAS

# IN THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| CHRISTINA VARGAS, an individual,<br><br>Plaintiff,<br><br>vs<br><br>SODEXO AMERICA, LLC, a Delaware Limited Liability Company; SODEXO. INC. a Delaware corporation; SDH SERVICES WEST LLC, a Delaware Limited Liability Company and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 22CV403933<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. **DISABILITY DISCRIMINATION - FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF FEHA;**<br>2. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA** (*Gov't Code* §§12900 et seq.);<br>3. **RETALIATION** (*LC* § 1102.5);<br>4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and**<br>5. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT HARASSMENT DISCRIMINATIONAND RETALIATION.** |

- 1 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**                                       CASE NO.:

Plaintiff CHRISTINA VARGAS alleges as follows:

**PARTIES**

1. At all relevant times, Plaintiff CHRISTINA VARGAS was a California employee and was jointly employed by Defendant SODEXO, INC., SODEXO AMERICA, LLC, SDH SERVICES WEST LLC and affiliated companies based in their San Diego Sharp Hospital facility ("the Business"). Plaintiff paid California payroll taxes and filed California Tax Returns, based on her wages earned from her work for the Business.

2. Defendant SODEXO, INC. is a Delaware Stock Corporation, with its designated California office listed with the California Secretary of State as 4640 Admiralty Way 5th Floor, Marina Del Rey CA 90292, that owned, managed and/or operated the Business.

3. Defendant SODEXO AMERICA, LLC is a Delaware limited liability company, with its designated California office listed with the California Secretary of State as 4640 Admiralty Way 5th Floor, Marina Del Rey CA 90292, that owned, managed and/or operated the Business.

4. Defendant SDH SERVICES WEST LLC is a Delaware limited liability company, with its designated California office listed with the California Secretary of State as 4640 Admiralty Way 5th Floor, Marina Del Rey CA 90292, that owned, managed and/or operated the Business. All Sodexo entities are hereinafter collectively referred to as "Entity Defendants."

5. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1-20 and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each of the fictitiously named Defendants is responsible in some manner for some or all of the occurrences alleged in this Complaint, and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

6. At all relevant times Defendants and DOES 1-20 were joint employers of Plaintiff because (a) Defendants and DOES 1-20 exercised control over Plaintiff's wages, hours, or working conditions, (b) Defendants and DOES 1-20 suffered or permitted Plaintiff to work, OR (c) Defendants and DOES 1-20 engaged Plaintiff in a manner which created a common law

employment relationship; and DOES 1-20 were owners, directors, officers, and/or managing agent of the Business.

7. Each Defendant is directly liable for their own wrongful actions. The liability of each Defendant also stems from one or more of the following: As Plaintiff's joint employers, each Defendant is vicariously liable for the other Defendants' actions as the manager and/or supervisor over Plaintiff; each Defendant had a duty to either refrain from the wrongful acts or to prevent and/or restrain others from committing the wrongful acts of Defendants; each Defendant is an alter ego of the other Defendants; and each Defendant is acting as an agent of the other Defendants.

8. Entity Defendants were, at all times relevant to the Complaint, an alter-ego of individual Defendants with a unity of interest. The facts and circumstances demonstrating a unity of interest between Entity Defendants and individual Defendants, include the following:
(a) commingling funds and/or assets of the entities; (b) failing to segregate/commingling of funds, and/or diverting funds, of the entities; (c) failing to maintain the formalities required or commonly associated with entity existence; (d) having common equitable ownership of the entities; (e) having common officers, directors, managers, and/or general partners of the entities; (f) using the same office or business location of the entities; (g) employing the same employees by the entities; (h) failing to place entity assets with the entities; (i) using the entities as mere shell entities; (j) concealing or misrepresenting the ownership, management and financial interests associated with the entities; (k) concealing or misrepresenting personal business activities related to the entities; and/or (l) failing to maintain arms-length relationship with and among the entities.

9. Entity Defendants were controlled, dominated, and operated by individual Defendants, and/or the Entity Defendants were controlled, dominated, and operated by individuals affiliated with individual Defendants, as an alter ego, and the main activities and businesses of the entities were carried out in order to shield the other individual Defendants and/or individuals affiliated with individual Defendants. Entity Defendants are a mere shell, instrumentality, and conduit through which the individual Defendants, and/or the individuals affiliated with Defendants, operate to shield assets from creditors. It would be unjust and inequitable to recognize the entity form of the Entity Defendants over the substance and nature of the injuries to Plaintiff.

- 3 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**                                           CASE NO.:

10. Furthermore, Entity Defendants were an alter-ego of each other, and/or the individual affiliated with Defendants, and each Defendant are an agent and employee of the other, and in doing the acts herein described and referred to, were acting in the course and within the scope of authorities as an agent and employee of each other and are equally liable to the damages sustained by Plaintiff.

**ADMINISTRATIVE PREREQUISITES**

11. At all times relevant, Entity Defendants regularly employed five or more persons, bringing Entity Defendants within the provisions of *California Government Code* section 12900, et seq., prohibiting employers or their agents from harassing, discriminating against, and retaliating against its employees, or from allowing and fostering an environment where fellow employees could harass or discriminate against other employees with impunity, based on protected characteristics.

12. Plaintiff exhausted her administrative remedies by timely filing a complaint with the California Department of Fair Employment and Housing ("DFEH"). The DFEH issued Plaintiff a Right-To-Sue Notice on July 20, 2022 and Plaintiff timely filed this action within the prescribed period subsequent to issuance of the Right-To-Sue Notice.

13. At all relevant times, Plaintiff's employment with Defendants was subject to the *California Labor Code* and the California Fair Employment and Housing Act ("FEHA").

**JURISDICTION AND VENUE**

14. Jurisdiction and venue are proper as Plaintiff was physically present and working as an employee for Entity Defendants at the Stanford Hospital in Santa Clara County during the time that some of the key events giving rise to this lawsuit occurred.

**FACTS COMMON TO ALL CAUSES OF ACTION**

15. Plaintiff Christina Vargas worked for Entity Defendants as a Director of Healthcare from 2007 until 2012. Plaintiff voluntarily left employment with Entity Defendants in 2012 and returned to work for the company in July 2017 as a System General Manager in San Diego

- 4 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**                                             CASE NO.:

California. This position was full-time, salaried with benefits, budgeted and not temporary. Plaintiff performed her job satisfactorily and had no discipline or performance issues between July 2017 and July of 2018.

16. Around July of 2018, plaintiff applied for and was approved for a leave of absence from work due to disability stemming from a non-work-related surgery. Her leave of absence lasted from July of 2018 to November of 2018. Plaintiff returned to work in November of 2018.

17. Beginning in October of 2018, while Plaintiff was still on leave, Plaintiff's supervisor Lauren Blacker began exemplifying hostility towards Plaintiff due to Plaintiff taking disability leave. Ms. Blacker became significantly less responsive to Plaintiff's texts, emails and calls and would not clearly provide Plaintiff with direction on basic expectations for Plaintiff's return to work.

18. After returning to work in November of 2018, Plaintiff's supervisor continued to discriminate against and harass Plaintiff for having taken disability leave by stonewalling her and refusing to properly communicate and coordinate her primary work duties.

19. Between November 2018 and March of 2019, Plaintiff was assigned to work on a sales presentation for the University of Nevada Reno ("UNR") and also instructed to contact Entity Defendants' supervisor David Hansen to work on a retention effort for a contract with a healthcare system in Las Vegas.

20. Plaintiff reached out repeatedly to Mr. Hansen to coordinate work on the Las Vegas project, but he never responded. Combined with her supervisor's lack of responsiveness, this stonewalling from Mr. Hansen left Plaintiff rejected and intentionally kept out of the loop.

21. The work related to the UNR sales presentation was significantly less than 40 hours a week and no one working for Entity Defendants would communicate with Plaintiff regarding her additional assignment in Las Vegas with David Hansen. Plaintiff was paid on a salaried basis but would track her hours for the benefit of management. Plaintiff was afraid to submit timesheets reporting significantly under 40 hours of work. As a result, Plaintiff felt pressure to use her paid time off to avoid a negative performance review. Plaintiff would complete the necessary work for the UNR assignment and then fill the rest of her timesheet with PTO hours.

- 5 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**  CASE NO.:

22. The lack of communication from Entity Defendants, Mr. Hansen and Ms. Blacker was intentionally calculated to pressure Plaintiff to use her time off to harass and retaliate against her for taking leave related to her injury.

23. Plaintiff was responsible for coordinating travel, presentation materials and other costs related to the UNR sales presentation. Plaintiff incurred over $10,000 in charges on her personal credit card related to this presentation and submitted these expenses to Ms. Blacker for approval. Company policy states that expenses are to be reimbursed within 10 days.

24. Ms. Blacker did not respond to Plaintiff's expense report, nor did she respond to Plaintiff's repeated follow-up communications reminding Ms. Blacker to approve the expenses.

25. Plaintiff's expenses were not reimbursed for over three months, causing Plaintiff to incur personal financial losses, as well as emotional damage due to the uncertainty and indifference exhibited by her employer.

26. Ms. Blacker never provided a reason to Plaintiff for why she delayed reimbursement nine times longer than company policy allows.

27. After her work on the sales presentation at UNR ended, Plaintiff was assigned to work for Entity Defendants at Stanford University Hospital in Palo Alto, Santa Clara County, California. Plaintiff was physically present in Santa Clara county for this work. This was the last place Plaintiff would work for the Entity Defendants because they never let her return to work after she suffered another injury in March of 2019.

28. On February 12, 2019, Plaintiff sent an email to Lauren Blacker's direct supervisor, Kim Dudeck, complaining of Ms. Blacker's failure to communicate, failure to approve expense reports, that she was being forced to use her paid time off as a result of Ms. Blacker's stonewalling and that Ms. Blacker's actions were causing her emotional distress.

29. In March of 2019, Plaintiff suffered a work-related injury and went on another disability leave of absence from March 7, 2019 until August 2019.

30. Ms. Dudeck and the Entity Defendants did not respond to Plaintiff's February 12 complaint until March 7, 2019, the same day that Plaintiff began her disability leave.

31. As she went on leave, Plaintiff was given the contact information for Entity

- 6 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**    CASE NO.:

Defendants' human resources agent Kevin Gentry, and instructed to keep him informed on her recovery so that he could coordinate her return to work.

32. Plaintiff called Mr. Gentry monthly and also texted him to keep him updated on her recovery.

33. During Plaintiff's leave of absence, Mr. Gentry resigned from his employment with Entity Defendants, and transferred Plaintiff to human resources employee Angela Vivanco.

34. In August 2019, while still out on leave, Plaintiff suffered another injury due to a non-work related car crash.

35. From August 2019 until April 2020 Plaintiff was on extended FMLA leave due to the cumulative injuries from the August and March 2019 incidents.

36. Plaintiff filled out a report updating the company on her injuries every six weeks for the duration of this leave. Plaintiff underwent several surgeries and was forced to use a wheelchair and walker.

37. Plaintiff filed for workers compensation in March of 2020 due to her 2019 work related injury.

38. In early April 2020, Plaintiff received a letter from the Entity Defendants informing her that her leave of absence ended on April 11, 2020 and that she had to return to work.

39. Later in April, Plaintiff received an email from the Entity Defendants human resources department informing that they were waiting on the outcome of her Worker's Compensation claim to finalize her termination.

40. Plaintiff's leave of absence ended on April 11, 2020 and plaintiff informed her human resources contact that she intended to return to work.

41. Defendants did not formally terminate Plaintiff, nor did they revoke access to her company email or her company human resources account. Plaintiff continued to log into the company portal to pay her share of the company health care plan every month.

42. After April 2020, every other month, Plaintiff received notice that her company health benefits were being cancelled. Plaintiff contested this cancellation, and ultimately her healthcare benefits were not cancelled.

- 7 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**               CASE NO.:

Plaintiff repeatedly informed Entity Defendants that she was ready to return to work but the Entity Defendants and their agents repeatedly ignored her communications and failed to make any effort to accommodate her disability and desire to return to work. Plaintiff has been effectively terminated due to the Entity Defendants' refusal to allow her to return to work.

## FIRST CAUSE OF ACTION
**Disability Discrimination - Failure to Reasonably Accommodate in Violation of FEHA**
**(Plaintiff Against Entity Defendants)**

43. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 42 of this Complaint.

44. As described above in paragraphs 15-42, Defendants have repeatedly failed to reasonably accommodate Plaintiff's disability stemming from her injuries.

45. In bringing this action, Plaintiff has been required to retain counsel to represent her in this matter. Pursuant to *California Government Code* § 12965(b) she is entitled to an award of attorneys' fees.

46. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Defendants' conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar misconduct.

## SECOND CAUSE OF ACTION
**Disability Discrimination in Violation of FEHA**
**(Plaintiff Against Entity Defendants)**

47. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 46 of this Complaint.

48. As described above in paragraphs 15-42, Defendants have repeatedly discriminated against Plaintiff due to her disability.

49. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Defendants' conduct warrants

the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar misconduct.

### THIRD CAUSE OF ACTION
### Retaliation in Violation of *California Labor Code* § 1102.5
### (Plaintiff Against Entity Defendants)

50. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 49 of this Complaint.

51. Plaintiff refused, resisted, complained, objected and/or expressed displeasure about Defendants' wrongful and unlawful conduct, including the failure of Defendants to reimburse her reasonable work expenses, for discriminating against her due to her disability and for the failure of Defendants to reasonably accommodate her disability by or even engage in a conversation on how she could return to work.

52. The Entity Defendants retaliated against Plaintiff for her complaints by discriminating against her, refusing to communicate with her, denying her reasonable accommodations for her disability, forcing her to improperly use paid time off, and constructively terminating her employment by failing to bring her back to work for years.

53. Defendants' retaliatory conduct is a violation of *Labor Code* § 1102.5(b) which provides that "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

54. Plaintiff was not required to exhaust any administrative remedies to bring her *Labor Code* § 1102.5 claim because *Labor Code* § 244(a) provides that no such exhaustion is required under any *Labor Code* provision unless "that section under which the action is brought expressly

requires exhaustion of an administrative remedy." *Labor Code* § 1102.5 does not have an exhaustion requirement.

54. Defendants are the joint employers of Plaintiff and Defendants had a duty to either refrain from the wrongful acts or to prevent and/or restrain others from committing the wrongful acts.

56. Plaintiff suffered injuries as a result of Defendants' violation of *Labor Code* § 1102.5 including loss of earnings and benefits, and severe emotional distress, all of which will be proven at trial. In addition to any other legal remedies, Plaintiff is also entitled to punitive damages not exceeding $10,000 for each violation of *Labor Code* § 1102.5 pursuant to *Labor Code* § 1102.5(f).

57. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Defendants' conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar misconduct.

58. In bringing this action, Plaintiff has been required to retain counsel to represent her in this matter. Pursuant to *California Labor Code* § 1102.5(j) she is entitled to an award of attorneys' fees.

**FOURTH CAUSE OF ACTION**
**Wrongful Termination in violation of Public Policy**
**(Plaintiff Against Entity Defendants)**

59. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 58 of this Complaint.

60. Defendants have made no efforts to return Plaintiff to work for over two years.

61. Plaintiff has not been paid during this time and has been constructively terminated by Defendants.

62. The conduct described in this complaint, including retaliation, and wrongful termination of Plaintiff constitutes a violation of public policy embodied in provisions of *Government Code Section 12900*, et seq., prohibiting employers or their agents from harassing

employees, discriminating against employees, or from allowing and fostering an environment where fellow employees could harass and discriminate other employees with impunity, and also retaliating (in violation of violation of *Government Code* § 12940(h) and *Labor Code* §§ 1102.5) by, among other things, terminating Plaintiff when she complained, reported about and resisted the wrongful and unlawful conduct.

63. The liability of the Entity Defendants also stems from one or more of the following: As Plaintiffs' joint employers, the Entity Defendants are vicariously liable for their employee's conduct, including their failure to re-hire Plaintiff into a substantially similar role and for the failure to promptly pay the expenses that Plaintiff incurred as normal business expenses on behalf of the Defendant's business interests.

64. As a direct and proximate result of Defendants' retaliatory and unlawful conduct, Plaintiff was harmed and suffered general and special damages in an amount exceeding the jurisdictional minimum of the Superior Court, according to proof at trial.

65. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Defendants' conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar misconduct.

### FIFTH CAUSE OF ACTION
**Failure to Take All Reasonable Steps to Prevent Harassment, Discrimination, and Retaliation**
**(Plaintiff Against Entity Defendants)**

66. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 65 of this Complaint.

67. Defendants had an affirmative duty to take all reasonable steps necessary to prevent discrimination and harassment from occurring in the workplace pursuant to *California Government Code* § 12940(k). Courts have interpreted section 12940(k) to encompass claims for failure to prevent retaliation in addition to harassment and discrimination because retaliation is a form of discrimination under FEHA. *Taylor v. City of Los Angeles Dept. of Water & Power* (Cal. App. 2d Dist. 2006) 144 Cal.App.4th 1216, 1240, disapproved on other grounds in *Jones v. The Lodge at*

- 11 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**          CASE NO.:

*Torrey Pines Partnership* (2008) 42 Cal. 4th 1158, 1174.  Defendants breached this affirmative duty to express strong disapproval of harassing and discriminatory practices, failed to develop appropriate sanctions for harassment and discrimination practices, failed to develop appropriate methods to educate employees/managers about unlawful and inappropriate practices, including the gravity of consequences for engaging in such practices, and by failing to take immediate and appropriate corrective action to stop the harassment and discrimination from occurring.

68. The liability of the Entity Defendants also stems from one or more of the following: Defendants are joint employers of Plaintiff; Defendants are vicariously liable for Ms. Blacker's and Mr. Hansen's actions as their employees and the supervisor over Plaintiff; Defendants had a duty to either refrain from the wrongful and unlawful acts or to prevent and/or restrain others from committing the wrongful and unlawful acts; and Defendant Blacker and Mr. Hansen were acting as agents of Defendants; Defendants are not allowing Ms. Vargas to return to work despite Ms. Vargas' repeated messages informing them she is able and ready to work.

69. As a proximate result of Defendants' unlawful employment practices, Plaintiff suffered and continues to suffer damages, including but not limited to damages for humiliation, embarrassment, damages for severe mental and emotional distress and discomfort, as well as forcing her to incur attorneys' fees, costs and certain other incidental damages, all according to proof.  Defendants' actions were a substantial factor in causing Plaintiff's harm.

70. Defendants' actions were malicious, oppressive, and fraudulent, and Plaintiff is entitled to recover punitive damages from Defendants, and each of them.

71. In bringing this action, Plaintiff has been required to retain counsel to represent her in this matter.  Pursuant to *California Government Code* § 12965(b) she is entitled to an award of attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment to be entered against Defendants for:

1. Compensatory, general and special damages according to proof and as allowed by law;

2. For all general, special, and punitive damages arising out of the common law and FEHA claims as well as reasonable attorneys' fees incurred Costs, interest, and reasonable attorneys' fees pursuant to *Government Code* § 12965(b) and where may otherwise be authorized by law;

3. Punitive and exemplary damages, according to proof;

4. Damages or statutory penalties provided by *Labor Code* § 1102.5(f);

5. Costs of suit herein, interest, and reasonable attorneys' fees incurred in pursing this action pursuant to the *California Labor Code* § 1102.5(j) and

6. Such other and further relief as the Court may deem appropriate.

Dated: August 23, 2022                                     VENARDI ZURADA LLP

                                                           _____
                                                           Martin Zurada
                                                           Attorneys for Plaintiff
                                                           CHRISTINA VARGAS

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this matter.

Dated: August 23, 2022                                VENARDI ZURADA LLP

_____
Martin Zurada
Attorneys for Plaintiff
CHRISTINA VARGAS